IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF

V.                              CAUSE NO. 5:17-CV-140-DCB-MTP

SHAMEKA N. WELLS and
ELIZABETH STEPHENS                                     DEFENDANTS

ORDER AND OPINION

Before the Court is the United States of America's Motion for Entry of Default Final Judgment and Permanent Injunction **[Doc. 9]** against Shameka N. Wells, individually and doing business as S&D Tax Service, LLC, and Elizabeth Stephens.

**Background**

This dispute arises from an IRS investigation of Wells, Stephens, and S&D Tax Service, LLC for preparing thousands of federal income tax returns that falsified business losses and profits to boost the Earned Income Tax Credits customers could claim.[1] These tax scams, the Government estimates, deprived the United States Treasury of millions of dollars in tax revenue.

---

[1] The Earned Income Tax Credit reduces the tax liability of working people with low to moderate income. See 26 U.S.C. § 32.

The Government sued to permanently enjoin Wells and Stephens from preparing federal tax returns for others.[2] In support of its proposed permanent injunction, the Government's Complaint cites three Internal Revenue Code injunctive-relief provisions, 26 U.S.C. §§ 7402(a), 7407, and 7408.

Wells and Stephens live and work in McComb, Mississippi. Wells formed S&D in 2010 and continues to use S&D's Electronic Filing Identification Number, even though the company was dissolved in 2011.

The Government complains that Wells and Stephens "prepare false and fraudulent federal income tax returns that understate their customers' federal income tax liabilities and overstate refunds to which they are entitled." Doc. 1, ¶8. They do so, the Government alleges, by preparing returns claiming Earned Income Tax Credits "based on fabricated business losses or profits." Doc. 1, ¶13. These fabricated losses or profits are reported on "Schedule C" forms linked to bogus businesses. Doc. 1, ¶¶18-19.

Neither Defendant has appeared. Both, however, were served: Stephens by personal service on December 13, 2017, Wells by personal service on January 2, 2018. Docs. 4, 5. Citing Defendants' failure to plead or otherwise defend, the Government moved for

---

[2] The Court's subject-matter jurisdiction is based on 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402(a).

entry of default on January 26, 2018. Docs. 6, 7. Three days later, the Clerk of Court entered a Federal Rule of Civil Procedure 55(a) default against Wells and Stephens. Doc. 8.

The Government now moves the Court to enter a default judgment permanently enjoining Wells and Stephens from preparing federal tax returns for others.

I

After the Clerk of Court enters a defendant's default, the plaintiff may apply to the Court for entry of a default judgment. FED. R. CIV. P. 55(b)(1). The Government applied for and obtained an entry of default against Wells and Stephens, who have to date failed to plead or otherwise defend. Doc. 8.

A default judgment does not automatically follow an entry of default. 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure § 2688.1 (4th ed., Supp. 2018). That is because Wells and Stephens, as the defaulting defendants, admit only those allegations that are well-pleaded; they do not admit conclusions. Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1976) (Wisdom, J.).

A default judgment is a "drastic remedy" reserved for "extreme situations." Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989). In other words, the serious

consequences that attend default judgments demand that they not be blithely entered. Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998). A default judgment is improper, for example, when material fact-issues remain or a complaint's allegations are indefinite. Id. at 893.

To decide if the allegations of the Government's Complaint are well-pleaded, the Court looks to Federal Rule of Civil Procedure 8 and the "plausibility" standard. Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

The Court's analysis is unchanged by the type of relief the Government seeks: District courts in this circuit routinely enter default-judgment-based permanent injunctions. See, e.g., Epic Tech, LLC v. Lara, No. 4:15-CV-01220, 2017 WL 590331, at *8 (S.D. Tex. Nov. 29, 2017); Coach, Inc. v. Trendy Texas, LLC, No. H-16-3150, 2017 WL 4652444, at *6 (S.D. Tex. Oct. 17, 2017).

II

In support of the injunction it proposes, the Government directs the Court to Internal Revenue Code §§ 7402(a), 7407, and 7408. Whether an injunction should issue under each provision turns on the well-pleaded allegations of the Government's Complaint. Nishimatsu, 515 F.2d at 1206. Because the permanent injunction the

4

Government requests is permitted by statutes, the Court need not consider the traditional prerequisites for injunctive relief. United States v. Buttorff, 761 F.2d 1056, 1059 (5th Cir. 1985). Rather, an injunction shall issue if the Complaint's well-pleaded allegations show that the statutory conditions are met.

A

The Court turns first to Internal Revenue Code § 7407. That provision empowers the Court to enjoin a "tax return preparer" from preparing federal tax returns for others if the Court finds that (1) the tax return preparer has "continually or repeatedly" violated Internal Revenue Code § 6694 or § 6695; and (2) an injunction prohibiting only violations of Internal Revenue Code § 6694 or § 6695 would not suffice to prevent the tax return preparer from interfering with the proper administration of the Internal Revenue Code. 26 U.S.C. § 7407.

i

As to § 7407's first requirement, the well-pleaded allegations of the Government's Complaint show that Wells and Stephens are "tax return preparers" who have repeatedly violated Internal Revenue Code §§ 6694 and 6695.

A "tax return preparer" includes "any person who prepares for compensation, or who employs one or more persons to prepare for

5

compensation, any return of tax imposed by" the Internal Revenue Code. 26 U.S.C. § 7701(36)(A). The Complaint's well-pleaded allegations show that Wells and Stephens prepared tax returns for thousands of customers for compensation. Doc. 1, ¶11. So Defendants are "tax return preparers" under Internal Revenue Code § 7407.

The well-pleaded allegations of the Government's Complaint also show that Wells and Stephens repeatedly violated Internal Revenue Code §§ 6694 and 6695. Regarding § 6694, Wells and Stephens prepared returns that knowingly understated customers' tax liabilities. Doc. 1, ¶26. And regarding § 6695, Wells and Stephens "repeatedly . . . fail[ed] to exercise due diligence in determining the eligibility of their customers to claim EITCs." Doc. 1, ¶¶40-42.

ii

As to § 7407's second requirement, the well-pleaded allegations of the Government's Complaint show that a narrower injunction, prohibiting Defendants from violating Internal Revenue Code § 6694 or § 6695, will not do. A permanent injunction prohibiting Wells and Stephens from acting as tax return preparers is necessary to prevent them from interfering with the proper administration of the internal revenue laws.

To decide whether the Government's proposed injunction is appropriate, the Court considers (1) the egregiousness of

Defendants' conduct; (2) the isolated or recurrent nature of the infraction; and (3) the extent of Defendants' participation in the offense. United States v. Stinson, No. 17-11412, 2018 WL 2026928, at *4 (11th Cir. May 1, 2018).

Applying those factors here, the Complaint's well-pleaded allegations show that the Government's proposed injunction is appropriate. First, Defendants' conduct is egregious. To start, Wells and Stephens reported non-existent businesses and fabricated losses linked to them. They also withheld tax documents from customers and bilked the Government of "likely several million dollars." Doc. 1, ¶33. Second, Defendants' conduct is recurrent: during a four-year span, Wells and Stephens prepared 5,410 returns; many, if not all, were fraudulent. And third, Wells and Stephens falsified the returns and so "directly participated" in the misconduct that supplies the basis for the permanent injunction the Government requests.

A narrower injunction will not protect the Government's interest in the proper administration of the Internal Revenue Code. The scale of the schemes, the brazenness of the fraud, and the continuation of operations well into 2017 suggest that Defendants will continue to falsify returns if they are not permanently enjoined from preparing returns for others. See United States v. Stover, 650 F.3d 1099, 1112 (8th Cir. 2011); United States v.

7

Gleason, 432 F.3d 678, 684 (6th Cir. 2005). What is more, permanently enjoining Defendants would save the IRS the cost of investigating Defendants' future violations and promote respect for the Internal Revenue Code.

The well-pleaded allegations of the Government's Complaint show that (1) Wells and Stephens are "tax return preparers" who have "continually or repeatedly" violated Internal Revenue Code §§ 6694 and 6695, and (2) an injunction prohibiting such conduct would not suffice to prevent Wells and Stephens from interfering with the proper administration of the Internal Revenue Code. Nishimatsu, 515 F.2d at 1206. The Government is therefore entitled to a permanent injunction against Wells and Stephens under Internal Revenue Code § 7407.

B

Next, the Government seeks a permanent injunction under Internal Revenue Code § 7408. The Court may enter an injunction under § 7408 if it finds that (1) a person has engaged in conduct subject to penalty under Internal Revenue Code §§ 6700, 6701, 6707, or 6708; and (2) injunctive relief is "appropriate" to prevent recurrence of such conduct. The Court so finds here.

The first § 7408 requirement is met. The well-pleaded allegations of the Government's Complaint show that Wells and Stephens engaged in conduct subject to penalty under Internal

8

Revenue Code § 6701. Wells and Stephens knowingly preparing returns that understated customers' tax liability by claiming Earned Income Tax Credits to which customers were not entitled. Doc. 1, ¶46.

The second § 7408 requirement is also met. The well-pleaded allegations of the Government's Complaint show that an injunction is appropriate to prevent Wells and Stephens from continuing to knowingly prepare returns that understate customers' tax liability. See Buttorff, 761 F.2d at 1062-63. Wells and Stephens have routinely falsified returns to understate customers' tax liabilities; there is no indication that, if not enjoined, they will stop doing so.[3]

The well-pleaded allegations of the Government's Complaint show that (1) Wells and Stephens have engaged in conduct subject to penalty under Internal Revenue Code § 6701; and (2) injunctive relief is "appropriate" to prevent recurrence of that conduct. Nishimatsu, 515 F.2d at 1206. The Government is therefore entitled to a permanent injunction against Wells and Stephens under Internal Revenue Code § 7408.

---

[3] Defendants' tax return preparation activities have not slowed. By November 2017, Wells and Stephens had prepared 709 federal income tax returns for the 2017 filing year. Doc. 1, ¶11. Eighty-Nine percent of them claimed the Earned Income Tax Credit. Doc. 1, ¶11.

C

The Government also seeks a permanent injunction under Internal Revenue Code § 7402(a), which permits the Court to issue such injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws."

Fifth Circuit opinions offer limited guidance in this area. The cases do not, for example, articulate a standard for issuing a permanent injunction under Internal Revenue Code § 7402(a). See United States v. Padron, No. 7:17-CV-9, 2017 WL 2060308, at *4 & n. 42 (S.D. Tex. May 12, 2017)(acknowledging the absence of Fifth Circuit precedent on the topic). So the district courts in this circuit have simply applied the statute as it reads, asking whether the Government has shown that an injunction is "necessary or appropriate" to enforce the internal revenue laws. United States v. Daffron, No. 3:17-CV-265-CWR-FKB, 2017 WL 4339404, at *1 (S.D. Miss. Aug. 21, 2017); Padron, 2017 WL 2060308, at *4.

The Government has made that showing here. The well-pleaded allegations of its Complaint show that a § 7402(a) injunction is appropriate to enforce the internal revenue laws, for essentially the same reasons stated in § II(A)(ii) of this Order and Opinion.

III

The well-pleaded allegations of the Government's Complaint supply the Court with a sufficient basis to enter a default judgment of permanent injunction against Shameka N. Wells, individually and doing business as S&D Tax Service, LLC, and Elizabeth Stephens under Internal Revenue Code §§ 7402(a), 7407, and 7408.

Accordingly,

IT IS ORDERED AND ADJUDGED that the United States of America's Motion for Entry of Default Final Judgment and Permanent Injunction **[Doc. 9]** against Shameka N. Wells, individually and doing business as S&D Tax Service, LLC, and Elizabeth Stephens is GRANTED.

A Final Judgment of Permanent Injunction shall issue this day.

SO ORDERED AND ADJUDGED, this the 5th day of June, 2018.

>					/s/ David Bramlette
>					UNITED STATES DISTRICT JUDGE